Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 644-2802
(800) 536-1071 facsimile

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Cindy Richardson,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)　　Case No. 3:24-cv-
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
NVA Pet Emergency Treatment Management,　)
LLC,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

## COMPLAINT

COMES NOW, Cindy Richardson, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Cindy Richardson, resides in Anchorage, Alaska, within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, NVA Pet Emergency Treatment Management, LLC, has maintained significant business connections in Anchorage, Alaska, within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

Complaint: *Richardson v. NVA Pet Emergency Treatment Management, LLC*　　— 1 of 7 —

## II. FACTS

2.1. Plaintiff, Cindy Richardson, had worked for Defendant NVA Pet Emergency Treatment Management, LLC for nearly 9 years. Originally the defendant was owned by a number of shareholders but about two years after Ms. Richardson started working there, the defendant was purchased by a national corporation.

2.2. Plaintiff Cindy Richardson worked full time for defendant, until January 20, 2023, when she was terminated – without notice, without cause.

2.3. The typical shift that Cindy Richardson worked for defendant stretched from 5 pm through to 6 am, but it was very common for Ms. Richardson to work an extended shift spanning an additional 2 to 4 hours longer than scheduled.

2.4. Over the two to three years time frame prior to her termination, Ms. Richardson experienced significant increases in her workload. This increased work load occurred because the Covid virus caused a shut down of many of the competing emergency pet centers. Due to this increased work load, Cindy Richardson was frequently required to complete treatment records on her days off. This practice of completing treatment records was common to all of the veterinarians working for defendant at this time.

2.5. During the Covid period, when work loads increased significantly, frequently meetings were held among defendant's staff to establish methods for increasing record-keeping efficiencies. At no time, however, did defendant establish any policies concerning deadlines for completing records for the case load.

2.6. On November 28, 2022, Cindy Richardson received a performance improvement plan that addressed for the first time issues concerning record completion deadlines. This performance improvement plan stated for the first time that Ms. Richardson needed to be complete her treatment records during the shift not afterward.

2.7. The performance improvement plan that Cindy Richardson received on November 28, 2022 identified numerous problems that had never been previously addressed to Ms. Richardson. All of the issues addressed in the plan of improvement were issues that should have been presented to Ms. Richardson contemporaneous with this issues becoming a problem to defendant but they were not brought to her attention when they emerged as problems. Instead these problems were combined into one document and presented as problems that she needed to address.

2.8. Associated with the November 28, 2022 plan of improvement that Ms. Richardson received was an agreement for her and management to engage in bi-weekly meetings to assess her progress at correcting any work deficiencies. The plan of improvement stated specifically that the meetings would be determined by Dr. Sarah Lavery. Ms. Richardson was willing and eager to engage in these bi-weekly meetings.

2.9. After November 28, 2022, Dr. Lavery never set up any bi-weekly meetings with Cindy Richardson, even though she made it clear that she was ready to engage in these meetings. She also identified to Dr. Lavery that she suffered from diabetes and had experienced some issues with regulating her blood-sugar levels. She explained that this problem may require some needed accommodations related to taking breaks during the day.

2.10. The language within the plan of improvement given to Cindy Richardson was clear and unambiguous in its wording. The plan stated that Ms. Richardson was on a "30-day Performance Improvement Plan." It further stated that if te stated expectations were not satisfied then Ms. Richardson would be terminated.

2.11. The 30-day period identified in the plan of improvement elapsed on December 28, 2022 without Dr. Lavery providing any feedback or suggestions as to whether Richardson had satisfactorily completed the alleged deficiencies observed.

Nonetheless, Ms. Richardson was not terminated during the 30-day plan of improvement, thereby suggesting that she satisfactorily remedied any deficiencies that existed.

2.12. On January 20, 2023, Ms. Richardson finally attended a meeting with her management team, looking forward toward discuss her progress at correcting the perceived deficiencies addressed in the November 28, 2022 plan of improvement. Instead of assessing Ms. Richardson's progress, defendant's management team terminated her employment, without warning or objective counseling being given.

2.13. Cindy Richardson believes that her employment with defendant was terminated due to age related discrimination rather than due to any performance problem on her part. Ms. Richardson observed that defendant's plan of improvement issued to her was not followed by defendant's management team and only used as a pretext to cover its age related discriminatory intent toward her.

2.14. On March 7, 2023, Cindy Richardson timely filed with the Anchorage Equal Rights Commission a claim for discrimination on the basis of age and disability. After her complaints had been investigated, the AERC dismissed the claims thereby permitting Ms. Richardson to receive a notice of right to sue from the EEOC, who was co-investigator to her AERC claims.

2.15. On February 13, 2024, Cindy Richardson received her notice of right to sue from the EEOC, providing her with a 90-day window of time for filing her federal claims. This current lawsuit is being filed within the 90-day window of time.

## CAUSES OF ACTIONS

A. DISPARATE TREATMENT ON THE BASIS OF AGE IN VIOLATION OF 29 U.S.C. § 623.

3.1. Cindy Richardson incorporates the facts and allegations in paragraphs listed above, 2.1 through 2.15, and alleges that defendant, NVA Pet Emergency Treatment Management, LLC, discriminated against her on the basis of her age.

3.2. Cindy Richardson alleges that at all times relevant to this lawsuit she was over forty years of age, and was performing her job duties to the legitimate expectation of her employer.

3.3. Cindy Richardson alleges that defendant's manager Vanessa Forbes initiated a pattern of disparate treatment related to Richardson that established an age related bias against Ms. Richardson that favored its employees under 40 years of age.

3.4. Plaintiff Cindy Richardson alleges that despite satisfactorily performing all her employer's legitimate reasonable expectations, she was terminated from her employment on pretextual grounds that established her employers intent to deprive her of employment benefits based on her age and not her job performance.

3.5. For NVA Pet Emergency Treatment Management LLC's violations by discriminating against her based on her age, Plaintiff seeks all damages available under law, specifically as outlined in 29 U.S.C. § 216(b), including back pay, future pay, actual attorney fees and prejudgment interest, and liquidated damages and/or all damages permitted under federal law.

B. **DISPARATE TREATMENT ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT, AS AMENDED**

3.6. Cindy Richardson incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.15, and alleges by such conduct that that defendant, NVA Pet Emergency Treatment Management, LLC, violated the protections guaranteed within the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*.

3.7. Plaintiff, Cindy Richardson, alleges, and affirms, that at all times relevant to this lawsuit, she was a "qualified individual," as this terms is defined in 42 U.S.C. § 12111(8), and that she identified as such to her employer.

3.8. Plaintiff, Cindy Richardson, alleges, and affirms, that she requested from her employer, NVA Pet Emergency Treatment Management, LLC, "reasonable accommodations," as this term is defined in 42 U.S.C. § 12111(9), that her requests were not fully granted, and/or she experienced excessive resistance and harassment by her employer due to her requests for accommodations.

3.9. Plaintiff, Cindy Richardson, alleges, and affirms, that despite her request for accommodations, or as a direct and proximate cause of her request, her employer, NVA Pet Emergency Treatment Management, LLC, discriminated against her on the basis of her disability in regard to job assignments and other privileges of employment.

3.10. Plaintiff, Cindy Richardson, alleges that by failing to promptly and reasonably accommodate her disability, her employer, NVA Pet Emergency Treatment Management, LLC, treated her differently than other similarly situated employees who did not suffer from a physical disability.

3.11. As remedy for the conduct allegedly perpetrated by NVA Pet Emergency Treatment Management, LLC, plaintiff Cindy Richardson, requests all available remedies under 42 U.S.C. § 1981(a), and the Americans with Disabilities Act, including back pay, future pay, compensatory damages, punitive damages, and attorney fees, under 42 U.S.C. § 1988.

## JURY DEMAND

4.1. Plaintiff, Cindy Richardson, hereby demands a trial by jury on all claims and issues for which she has a right for a jury to render judgment.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff Cindy Richardson, requests judgment against defendant NVA Pet Emergency Treatment Management, LLC, as follows:

1. Full and complete payment of all back wages, future wages, prejudgment interest, emotional distress and liquidated damages caused when NVA Pet Emergency Treatment Management, LLC treated her in a disparate manner because of her Age, in an amount within the jurisdictional limit of this court, with an exact amount to be proven at trial.

2. As remedy for defendant NVA Pet Emergency Treatment Management, LLC's violation of 42 U.S.C. § 12112, when it authorized, and/or permitted, the discrimination, and retaliation, of Cindy Richardson on the basis of her disability, plaintiff seeks back pay, future pay, compensatory damages, emotional damages, humiliation, lost pay, and punitive damages in excess of the jurisdictional threshold of this court, with the exact amount to be proven at trial.

3. Plaintiff seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: March 5, 2024

/Isaac D. Zorea
Isaac D. Zorea
ABA No. 0011090
Counsel for Cindy Richardson